## JAMES CRAWFORD AND WILLIAM A. HARRINGTON
(Copartners under the firm name of Crawford & Harring-
ton), APPELLANTS,

*v.*

## WILLIAM COCKRAN AND MICHAEL DAY (Copartners
under the name of Cochran & Day), APPELLEES.

The act of the Legislative Assembly of 1879, providing a method for the scal-
ing of logs, is not within the inhibition of Section 1889 of the Revised Stat-
utes of the United States.

An agent who sells the logs of his principal, and permits the purchasers to
scale them, instead of employing for such purpose the official scaler whose
duty it is to measure logs, is guilty of grave negligence, and is liable to the
principal, for the loss he suffers by an incorrect measurement.

APPEAL from the Third District, holding terms at Seattle.

Cockran & Day, loggers, who at the time were indebted to
Crawford & Harrington, merchants, employed them, without
compensation, to sell for them a large quantity of logs, which
the merchants did to one Sayward, operating a saw-mill.

In making the sale, the merchants employed the mill-man

to tow the logs to his mill, and there measure the same himself.

After allowing the cost of towage, the merchants, credited the owners with the balance of the purchase price    . The loggers claimed the merchants were guilty of gross negligence in allowing the purchaser to measure the logs, instead of employing the official scaler appointed by the statute; and that by reason of such negligence they suffered serious loss in the measurement, and were also damaged in a sale on credit, without security, to an irresponsible purchaser.

The merchants claimed to have observed the measure of care required in the transaction; questioned the constitutionality of the statute under which the official scaler of logs was appointed; and in addition, set up equitable defenses and causes of action, a statement of which is not required in explanation of the opinion of the Court.

*Struve & Haines,* for Appellants.

That the bailment being gratuitous, the bailee is liable only for gross negligence.    (*Fellows* v. *Gordon,* 8 B. Monroe, 415.)

A gratuitous bailee, or mandatory, or agent acting without compensation, is liable only for gross negligence.    (Parsons on Contracts, Vol. 2, 5th ed., pp. 87, 88, 98; *Grant* v. *Ludlow,* 8 Ohio State, p. 1; *Foster et al.* v. *Essex Bank,* 17 Mass., p. 479; *Whitney et al.* v. *Lee,* 8 Metcalf, Mass., p. 91; Story on Bailments, p. 18.)

That no restrictions were imposed on the defendants in their agency, and they have shown the diligence the character of their employment required.    (Story on Agency, 8th ed., Secs. 83, 76; Paley on Agency, Sec. 76; *Hogg* v. *Smith,* 1 Taunton, pp. 247, 52; *Murray* v. *East India Co.,* 5 Basnewall & Alderson, 204–10, 211.)

That if the sale should be conceded illegal, Sayward, a third person in the transaction, could not avail himself of the illegality, and refuse to pay over to another the money due from him upon the logs.    (*McBlair* v. *Gibbs,* 17 Howard, 236, 237, 238; *Tenant* v. *Elliott,* 1 Bosanquet & Puller, p. 3; *Farmer* v. *Russell,* 1 Bosanquet & Puller, p. 296; *Planter's Bank* v. *Union Bank,* 16 Wallace, p. 499; *Armstrong* v. *Soler,* 11 Wheaton, p. 272; *Woodworth* v. *Bennett,* 43 New York, p. 275.)

The plaintiffs having satisfied the transaction in part, thereby confirmed it in its entirety. (Statutes of Washington Territory, 1879, pp. 106–7, Sec. 14; Storey on Agency, 8th ed., Secs. 253, 259; Ibid, Sec. 243; Story on Agency, 8th ed., Sec. 250.)

*Burke & Rasin, Hall & Osborne,* and *E. P. Ferry,* for Appellees.

To the point that negligence is a question of fact depending on circumstances, and that any artificial theory of degrees thereof is generally repudiated. (*Steamboat New World* v. *King,* 16 Howard, 469; *Wilson* v. *Brett,* 11 Meeson & Welsby, 113; 16 How. 469; *Hinton* v. *Dibbin,* 2 Adolphus & Ellis, N. S. 646, 661; 42 E. C. L., 847, 854; *Tracy* v. *Wood,* 3 Mason, 132.)

That the Act of 1879, providing for the scaling of logs by lumber inspectors, is constitutional. (Cooley's Constitutional Law, 2d ed., 389, 393; *Longwarllis' Executors* v. *Common Council of Evansville,* 32 Ind. 322; Rev. Statutes of U. S., Sec. 1851; *Willard* v. *People,* 4 Scammon, 512; *Mundy* v. *Monroe,* 1 Michigan, 68; *Cargill* v. *Power,* 1 Michigan, 369; *McAnnich* v. *Mississippi R. R. Co.,* 20 Iowa, 388.)

Though part of a statute be unconstitutional, the remainder may be valid. (*Cutts* v. *Hardee,* 38 Georgia, 350; Cooley's Constitutional Limitations, 2d edition, 182, and cases cited; *Bank of Hamilton* v. *Duelley,* 2 Peters, 526; *Duer* v. *Small,* 4 Blatchford, 263; *Mills* v. *Sargent,* 36 Cal. 379; *Fisher* v. *McGinn,* 1 Gray, 1; *People* v. *Hill,* 7 Cal. 97; *Lathrop* v. *Mills,* 19 Cal. 513; *Robinson* v. *Bidwell,* 22 Cal. 379; *State* v. *Commisioners,* 5 Ohio State, 497; *Parsons* v. *Suydam,* 3 E. D. Smith, 276.)

As between principal and agent, a ratification, to be effectual, must be made with the intention of adopting the act unconditionally. (Bishop on Contracts, Sec. 708; *Owings* v. *Hull,* 9 Peters, 607, 629; Wharton on Agency, Sec. 74; *Doughvelvy* v. *Crowell,* 3 Stockton, N. J. 201; Bigelow on Estoppel, 2d ed. 508.)

The report of a referee stands as the verdict of a jury, not to be set aside, if there be any evidence to sustain it. (Code of Washington Territory, Sec. 256; 1 Washington Territory, U. S. 88, 587; *Woodin* v. *Foster,* 16 Barber, 146; *Murfey* v.

*Brace*, 23 Barber, 561; *Von Steenburgh* v. *Hoffman*, 15 Barber, 28; *Eaton* v. *Benton*, 2 Hill, 576; *Keeler* v. *Fireman*, 3 Hill, 250; *Douglas* v. *Tousey*, 2 Wendell, 352; 1 Cal. 41; *Brady* v. *Brown*, 20 Cal. 520; *Knowles* v. *Joost*, 13 Cal. 620; *Keller* v. *Intrich*, 22 Cal. 471; *Dunn* v. *Starkweather*, 6 Iowa, 466; *Childs* v. *Shower*, 18 Iowa, 261; *Tyson* v. *Wells*, 2 Cal. 122; *Grayson* v. *Gould*, 4 Cal. 122; *Thompson* v. *Patterson*, 54 Cal. 542; *Jones* v. *Boston Mill Corporation*, 6 Pickering, 148; *Boston Water Power Co.* v. *Gray*, 6 Metcalf, 131; *Leighton* v. *Meserve*, 117 Mass. 52; *Cowley* v. *Dobbins*, 123 Mass. 587.)

And under our system of practice the effect of such report is the same at equity as at law. (*Izard* v. *Bodine*, 1 Stockton, N. J. 309; *Sinnickson* v. *Bruere*, 1 Stockton, N. J. 659; *Merriam* v. *Baxter*, 14 Vermont, 514; *Adams* v. *Brown*, 7 Cushing, 222; *Howe* v. *Russell*, 36 Maine, 115; *McKinney* v. *Pierce*, 5 Indiana, 422; *Fahie* v. *Lindsey*, 8 Oregon, 474; *Mazette* v. *New York & Harlem River R. R. Co.*, 3 E. D. Smith, 98; *Fish* v. *Wood*, 4 E. D. Smith, 327; *Morris* v. *Huson*, 4 Sandford, 93; *Mason* v. *Crosby*, 3 Woodbury & Minot, 258; *Borst* v. *Spellman*, 4 Comstock, 284.)

Opinion by WINGARD, Associate Justice.

This cause was submitted to a referee, whose findings were approved by the District Court, and judgment was entered according thereto. From that judgment this appeal is taken.

We are unanimously of opinion that the Act of the Territorial Legislature of 1879, providing for the scaling of logs by the lumber inspector, is not within the inhibition of Section 1889 of the Revised Statutes.

Doubtless, degrees of negligence may exist in fact as well as in theory, although it may be difficult or impossible to draw the exact line between them; but where a party by neglecting or refusing to conform to a known law, in the discharge of an agency or charge, causes loss or damage to another, he should be held to be guilty of gross negligence, and so we regard the plaintiffs in error in this case.

We find no reason to disturb the judgment of the Court below, and it is therefore affirmed.